**IN THE UNITED STATES DISTRICT COURTS FOR
THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

Kathy Navarro,
    Plaintiff,
v.                                                    Cause No. 3:25-cv-00194

State of Texas - Health and Human Services Commission,
    a/k/a Texas Department of Aging and Disability
    Services, and
El Paso State Supported Living Center,
    Defendants.

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

    Plaintiff KATHY NAVARRO ("Employee Navarro" or "Plaintiff" or "Employee") now files her Original Complaint against Defendants, State of Texas - Health and Human Services Commission, a/k/a Texas Department of Aging and Disability Services and El Paso State Supported Living Center (jointly "Defendant" or "Employer El Paso State Supported Living Center" or "EPSSLC") and respectfully shows as follows:

### I. PARTIES

1. Plaintiff, Kathy Navarro, is a natural person residing in El Paso County, Texas.

2. Defendant State of Texas, by and through the Texas Health and Human Services Commission a/k/a Texas Department of Aging and Disability Services, is a state of the United States of America and may be served with process by serving its agent for service of process in this cause, Executive Commissioner Cecile Erwin Young, at Brown-Heatly Building, 4900 N. Lamar Blvd., Austin, TX 78751 or alternatively at North Austin Complex, 4601 W. Guadalupe St., Austin, TX 78751.

3. El Paso State Supported Living Center is a state agency and may be served with process by serving its agent for service of process in this cause, Executive Commissioner Cecile

Erwin Young, at Brown-Heatly Building, 4900 N. Lamar Blvd., Austin, TX 78751 or alternatively at North Austin Complex, 4601 W. Guadalupe St., Austin, TX 78751.

## II. Jurisdiction

4. Jurisdiction is proper in this Honorable Court based on federal question jurisdiction.

## III. Chronology of Facts

5. Employers must prevent employees from treating fellow employees differently just because of their religion or beliefs about religious tenets to protect employees, like us all, from emotional traumas and financial losses from illegal discrimination.

6. Employers must prevent job retaliation against employees who oppose and report illegal religious discrimination at work and protect employees, like us all, from emotional trauma and financial losses due to job terminations.

7. The State of Texas' Health and Human Services Commission operates the El Paso State Supported Living Center as an employer.

8. El Paso State Supported Living Center must prevent employees from treating fellow employees differently just because of their religion or beliefs relating to religious tenets to protect employees, like us all, from emotional traumas and financial losses from illegal discrimination.

9. El Paso State Supported Living Center must prevent job retaliation against employees who oppose and report illegal religious discrimination at work and protect employees, like us all, from emotional trauma and financial losses due to job terminations.

10. On or about April 1, 2023, El Paso State Supported Living Center hires Employee as a Dental Hygienist.

11. On or about July 21, 2023, El Paso State Supported Living Center employee Gloria LNU

approaches Employee and asks Employee questions about her religious beliefs.

12. El Paso State Supported Living Center employee Gloria LNU learns from Employee that Employee is unmarried but has children with her partner.

13. El Paso State Supported Living Center employee Gloria LNU harasses Employee by calling her a "fornicator."

14. El Paso State Supported Living Center employee Gloria LNU tells Employee that Employee "was going to hell" and "Christians don't do that."

15. El Paso State Supported Living Center employee Gloria LNU tells Employee that Employee needs to repent and ask for forgiveness.

16. El Paso State Supported Living Center employee Gloria LNU aggressively and condescendingly makes these completely unwelcome comments to Employee.

17. El Paso State Supported Living Center employee Gloria LNU makes Employee feel shame and extreme embarrassment simply for not sharing Gloria LNU's religious beliefs or the same tenets from her religious beliefs.

18. El Paso State Supported Living Center Supervisor Laura Moore is put on notice about this bigoted, discriminatory, harassing conduct because Employee immediately reports Gloria LNU's discriminatory conduct to Laura Moore.

19. El Paso State Supported Living Center Supervisor Laura Moore is dismissive of Employee's good faith complaint of religious discrimination and harassment.

20. El Paso State Supported Living Center Supervisor Laura Moore is bothered by Employee's good faith complaint of religious discrimination and refuses to do anything about them.

21. El Paso State Supported Living Center Supervisor Laura Moore ignores Employee's

request that Moore accommodate Employee by telling Gloria LNU to leave Employee alone and refrain from further religious attacks in the workplace.

22. El Paso State Supported Living Center Supervisor Laura Moore tells Employee just to ignore the religiously discriminatory and harassing behavior by Gloria LNU.

23. El Paso State Supported Living Center Supervisor Laura Moore ignores Employee's request that her good faith complaint of religious discrimination and retaliation remain confidential.

24. Instead, El Paso State Supported Living Center Supervisor Laura Moore retaliates against Employee by circulating Employee's good faith complaint of religious discrimination and harassment around the office.

25. El Paso State Supported Living Center employe Denisa LNU approaches Employee to tell Employee that Denisa is aware of Employee's complaint to Moore, and Denisa LNU lets Employee know that Denisa "sides with" Moore and Gloria LNU, which subjects Employee to further harassment and discrimination.

26. On or about August 15, 2023, **less than one month later,** El Paso State Supported Living Center terminates Employee's employment, telling Employee that she "does not fit in" and "does not belong" at El Paso State Supported Living Center.

27. El Paso State Supported Living Center provided no other reasons at the time of Plaintiff's termination.

28. That Employee is Kathy Navarro.

### IV. CAUSES OF ACTION
### RELIGIOUS DISCRIMINATION AND HARASSMENT

29. As described above, Employer El Paso State Supported Living Center, by and through its agents, intentionally and knowingly discriminated against and harassed Employee

Navarro merely because of her religious beliefs, in violation of Title VII of the Civil Rights Act of 1964, as amended.

30. Thus, Employer El Paso State Supported Living Center sponsored, encouraged, and condoned their agents' discrimination and harassment of Employee Navarro.

### RETALIATION

31. As described above, Employer El Paso State Supported Living Center, by and through its agents, intentionally and knowingly retaliated against and harassed Employee Navarro, in violation of Title VII of the Civil Rights Act of 1964, as amended, merely because Employee Navarro reported, opposed, and witnessed religious harassment and discrimination in the workplace.

32. Thus, Employer El Paso State Supported Living Center sponsored, encouraged, and condoned their agents' discrimination and harassment of Employee Navarro.

### V. NOTICE OF RIGHT TO FILE A CIVIL ACTION

33. Attached as Exhibit A is the EEOC Right to Sue for Plaintiff.

### VI. DAMAGES AND LOSSES

34. As a direct and proximate result of Defendant's discrimination, retaliation and conduct against Plaintiff as described above, Plaintiff has suffered harms and losses. Plaintiff's harms and losses include in the past and the future: lost wages and benefits; employment opportunities; lost income; loss of earning capacity; mental anguish; emotional pain and suffering; inconvenience; loss of enjoyment of life; and other non-pecuniary losses.

### VII. ATTORNEY'S FEES

35. Pursuant to 42 U.S.C. §1988(b), and Title VII, Plaintiff is entitled to reasonable attorney's fees and reasonable expert fees as costs in prosecuting this lawsuit.

## VIII. JURY DEMAND

36. Plaintiff requests trial by jury as allowed by Federal Rule of Civil Procedure 38.

## IX. COURT COSTS

37. Plaintiff is entitled to recover Plaintiff's court costs.

## X. PRAYER

38. Plaintiff respectfully prays that she recover from Defendant, under Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. 2000e, *et seq.*, actual damages, including but not limited to, past and future lost earnings, mental anguish and inconvenience, emotional pain and suffering, loss of enjoyment of life, bodily injury, pain and suffering, economic damages and benefits in the past and future, compensatory damages, punitive damages, pre-judgment interest, post-judgment interest, attorney fees, costs and such other and further relief to which he may show himself to be justly entitled, in law and in equity.

**SIGNED** on June 3, 2025.

Respectfully submitted,

**Chavez Law Firm**
2101 N. Stanton Street
El Paso, Texas 79902
(915) 351-7772

By: /s/Enrique Chavez, Jr.
Enrique Chavez, Jr., State Bar No. 24001873
enriquechavezjr@chavezlawpc.com
Michael R. Anderson, State Bar No. 24087103
manderson@chavezlawpc.com
Michael M. Osterberg, State Bar No. 24108991
mikeosterberg@chavezlawpc.com
*Attorneys for Plaintiff*