# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| **KATHY NAVARRO,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | No.  3:25-CV-00194-LS |
| | § | |
| **STATE OF TEXAS - HEALTH AND** | § | |
| **HUMAN SERVICES COMMISSION** | § | |
| **and EL PASO STATE SUPPORTED** | § | |
| **LIVING CENTER,** | § | |
| | § | |
| *Defendants*. | § | |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Plaintiff Kathy Navarro filed sued Defendants State of Texas-Health and Human Services Commission and the El Paso State Supported Living Center under Title VII for religious discrimination and retaliation.[1] The Court grants Defendants' Rule 12(b)(6) motion to dismiss.[2]

## I.     LEGAL STANDARD.

A party may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) if the complaint fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[3] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[4] A complaint may include legal conclusions, but such

---

[1] ECF No. 1.

[2] ECF No. 10.

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[4] *Id.*

conclusions must be supported by factual allegations.[5] To survive a dismissal motion, "plaintiffs must allege facts that support the elements of the cause of action."[6]

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party.[7] Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[8] "'Naked assertions devoid of 'further factual enhancement'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not entitled to the presumption of truth.[9] "Rule 12(b)(6) motions are 'viewed with disfavor and rarely granted.'"[10]

## II.    ANALYSIS.

### A.    *Res Judicata*

Defendants assert that res judicata bars this lawsuit.[11] Res judicata should generally be raised as an affirmative defense, not in a motion to dismiss, but "dismissal under Rule 12(b)(6) is appropriate if the res judicata bar is apparent from the complaint and judicially noticed facts and the plaintiff fails to challenge the defendant's failure to plead it as an affirmative defense."[12] Plaintiff makes no such challenge, and the Court may take judicial notice of public records in the state court proceedings.[13]

---

[5] *Id.* at 679; *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010).

[6] *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010).

[7] *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007); *see also Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

[8] *Twombly*, 550 U.S. at 555.

[9] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (cleaned up)); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (noting the Court will not "strain to find inferences favorable to the plaintiffs" or credit "conclusory allegations, unwarranted deductions, or legal conclusions" (quoting *Southland Sec. Corp. v. Inspire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004))).

[10] *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024) (citation omitted).

[11] ECF No. 10 at 6–9.

[12] *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020).

[13] *Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020).

The Court applies Texas res judicata law where the previous judgment "was rendered by a Texas state court."[14] The elements are "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action."[15]

The parties dispute whether the prior state court judgment was a judgment on the merits. In state court, Plaintiff filed a retaliation claim under a state whistleblower statute[16] and Defendants filed a plea to the jurisdiction based on state sovereign immunity.[17] On interlocutory appeal after the state trial court denied the plea, the Fifteenth Court of Appeals granted the plea to the jurisdiction on sovereign immunity grounds and dismissed Plaintiff's claim with prejudice.[18] "[A] dismissal on immunity grounds under Texas law is a dismissal on the merits for purposes of res judicata."[19] The first element of res judicata is satisfied.

The parties do not dispute the second element. As to the third element, Plaintiff argues that her claims in this case are based on a different theory and entirely different facts.[20] Under Texas's "transactional" approach to res judicata, "a judgment in an earlier suit 'precludes a second action by the parties and their privies not only on matters actually litigated, but also on causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit.'"[21] Plaintiff's Title VII claims could have been litigated in the state court lawsuit.[22] The

---

[14] *Wainscott v. Dallas Cnty.*, 408 F. App'x 813, 815 (5th Cir. 2011).
[15] *Harmon v. Dallas Cnty.*, 927 F.3d 884, 890 (5th Cir. 2019) (quoting *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996)).
[16] ECF No. 10-1 at 18.
[17] *Id.*
[18] *Id.* at 17–18.
[19] *Klein v. Walker*, 708 F. App'x 158, 160 (5th Cir. 2017).
[20] ECF No. 12 at 14–17.
[21] *Harmon*, 927 F.3d at 890 (quoting *Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 798 (Tex. 1992)).
[22] *See Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 826 (1990) (Title VII claims can be litigated in state court).

inquiry, then, turns to whether her Title VII claims and the state whistleblower retaliation claims arise out of the same subject matter. The Court must consider "whether facts constitute a single 'transaction'" based on "their relatedness in time, space, origin, or motivation, and whether, taken together, they form a convenient unit for trial purposes."[23]

In *Sims v. City of Madisonville*,[24] the state court granted Madisonville's plea to the jurisdiction after the plaintiff sued it under the Texas Whistleblower Act.[25] A federal district court granted the city's summary judgment motion on res judicata grounds when the plaintiff later sued the same defendant under 42 U.S.C. § 1983.[26] The Fifth Circuit affirmed the summary judgment because the "state and federal court actions . . . arose out of the same transaction or occurrence"— the plaintiff's termination—"and merely advanced different theories of recovery."[27]

In another case, the plaintiff filed a lawsuit against his employer for whistleblower retaliation after a district court had already dismissed the plaintiff's earlier Title VII lawsuit against the employer.[28] The Fifth Circuit affirmed the dismissal of the second lawsuit on res judicata grounds[29] because the claims in both lawsuits "arise from the fact that [the plaintiff] suffered an adverse employment action and that his employer ultimately terminated his employment out of illegal and retaliatory motives."[30]

---

[23] *Getty Oil Co.*, 845 S.W.2d at 799 (quoting Restatement (Second) of Judgments § 24 cmt. b (1980)).
[24] 894 F.3d 632 (5th Cir. 2018).
[25] *Id.* at 637.
[26] *Id.*
[27] *Id.* at 645.
[28] *Thanedar v. Time Warner, Inc.*, 352 F. App'x 891, 895 (5th Cir. 2009).
[29] The court in *Thanedar* used the federal court test for res judicata, which has four elements: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded to a final judgement on the merits; (4) the same claim or cause of action was involved in both claims." *Id.* at 897–98.
[30] *Id.* at 898.

Here, even though this lawsuit and the earlier state court lawsuit rely on different legal theories of recovery, they are both based on the same subject matter, Plaintiff's alleged wrongful termination. Accordingly, the last element of res judicata is satisfied and Plaintiff's suit is barred.

### B.    Leave to Amend

Generally, when a court dismisses a claim, "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so."[31] But a court need not allow a plaintiff to amend a complaint if the amendment would be futile.[32] The Court denies leave to amend because the res judicata effect of the earlier state court dismissal would render any amendment futile.

## III.    CONCLUSION.

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss [ECF No. 10] and **DENIES AS MOOT** Defendants' motion to stay discovery [ECF No. 11] and motion for a confidentiality/protective order [ECF No. 19].

**SO ORDERED**.

**SIGNED** and **ENTERED** on January 15, 2026.



**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[31] *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000).
[32] *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000).